IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

PHAROAH ORLANDO MARTIN and ) CIVIL NO. 11-00118 LEK-BMK
KAREN RENEE NORTON,       )
                          )
          Plaintiffs,     )
                          )
     vs.                  )
                          )
GMAC MORTGAGE CORPORATION; )
GMAC MORTGAGE LLC; MORTGAGE )
ELECTRONIC REGISTRATION    )
SYSTEMS; and DOES 1 through )
20 inclusive,             )
                          )
          Defendants.     )
_____ )


**ORDER GRANTING IN PART AND DENYING IN PART
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

On August 15, 2011, Defendants GMAC Mortgage

Corporation ("GMAC Corp."), GMAC Mortgage LLC ("GMACM"), and

Mortgage Electronic Registration Systems ("MERS") (all

collectively "Defendants") filed the instant Motion for Summary

Judgment ("Motion").  Plaintiffs Pharaoh Orlando Martin and

Karen Renee Norton (collectively "Plaintiffs") filed their

memorandum in opposition on October 3, 2011, and Defendants filed

their reply on October 7, 2011.  This matter came on for hearing

on October 24, 2011.  Appearing on behalf of Defendants was

Peter Knapman, Esq., and appearing on behalf of Plaintiffs was

James Fosbinder, Esq.  After careful consideration of the Motion,

supporting and opposing memoranda, and the arguments of counsel,

Defendants' Motion is HEREBY GRANTED IN PART AND DENIED IN PART

for the reasons set forth below.

**BACKGROUND**

Plaintiffs originally filed this action on February 24, 2011.  They filed their First Amended Complaint on April 13, 2011.  [Dkt. no. 4.]  The First Amended Complaint alleges the following claims:

1)   violations of the Sherman/Clayton Antitrust Acts by GMAC Corp. and MERS (Count I);
2)   violations of the Hawai`i Antitrust/ Antimonopoly Acts by GMAC Corp. and MERS (Count II);
3)   intentional misrepresentations by GMAC Corp. (Count III);
4)   unfair and deceptive acts or practices ("UDAP") by GMAC Corp.;
5)   breach of fiduciary duty by Defendants (Count V);
6)   unjust enrichment by GMAC Corp. (Count VI);
7)   slander of title claim by Defendants (Count VII); and
8)   a claim for injunctive relief against GMACM (Count VIII).

The First Amended Complaint seeks: an order enjoining the sale of Plaintiffs' property during the pendency of this action; a judgment of rescission of both mortgages and the line of credit; statutory, treble, exemplary, and compensatory damages; reasonable attorneys' fees and costs; and any other appropriate relief.  [First Amended Complaint at pg. 51.]

**I.   Factual Background**

In the instant Motion and their separate and concise statement of facts in support thereof ("Defendants' CSOF"), Defendants present the pertinent facts as follows.

On December 9, 2005, Plaintiffs executed an InterestFirst Adjustable Rate Note ("First Note") in favor of

GMAC Corp. in the amount of $548,000.00. [Defs.' CSOF, Decl. of Peter Knapp ("Knapp Decl."), Exh. 1.] The First Note was secured by a Mortgage ("First Mortgage"), dated December 9, 2005, on 609 Loulu Way, Makawao, Hawaii 96768 ("the Property"). [Knapman Decl., Exh. 2.] The First Mortgage was recorded in the Bureau of Conveyances on December 29, 2005 as Doc. No. 2005-265228. It named MERS as the mortgagee, acting solely as the nominee of the lender, GMAC Corp. [Id. at 1-2.]

Also on December 9, 2005, Plaintiffs executed a Home Equity Line of Credit Agreement ("LOC") in favor of GMAC Corp. for a principal amount of up to $137,000.00. The LOC was secured by an Open End Mortgage ("LOC Mortgage"), dated December 9, 2005, on the Property. [Knapman Decl., Exh. 3.] The LOC Mortgage was recorded in the Bureau of Conveyances on December 29, 2005 as Doc. No. 2005-265229. It named MERS as the mortgagee, acting solely as GMAC Corp.'s nominee. [Id. at 1-2.]

On March 15, 2006, Plaintiffs executed a note in favor of GMAC Corp. for the principal amount of $137,000.00 ("Second Note"). The Second Note was secured by a Mortgage ("Second Mortgage"), dated March 15, 2006, on the Property. [Knapman Decl., Exh. 4.] The Second Mortgage was recorded in the Bureau of Conveyances on March 17, 2006 as Doc. No. 2006-092705. It named MERS as the mortgagee, acting solely as the nominee of the lender, GMAC Corp. [Id. at 1-2.]

On January 13, 2011, MERS executed an Assignment of Mortgage ("Assignment") assigning "all beneficial interest under that certain mortgage dated December 09, 2005, executed by [Plaintiffs] . . . , mortgagor, and recorded in Bureau of Conveyances in Regular System Document Instrument No. 2005-265228 on December 29, 2005" to GMACM. [Knapman Decl., Exh. 5.] The Assignment, however, identified the subject property as 7012 Hawaii Kai Drive 1007, Makawao, HI 96768. The Assignment was recorded in the Bureau of Conveyances on January 25, 2011 as Doc. No. 2011-014691. [Id. at 1.]

Defendants state that Plaintiffs are in default on the First Note and First Mortgage. [Knapp Decl. at ¶¶ 6-7.] On January 25, 2011, GMACM mailed a letter to Plaintiffs notifying them that GMACM intended to pursue a non-judicial foreclosure under power of sale. [Id., Exh. 6.]

## II. **Motion**

In the instant Motion, Defendants first note that Plaintiffs allege Counts I and II (antitrust claims), Count V (breach of fiduciary duty), and Count VII (slander of title) against MERS. Defendants argue that MERS cannot be held liable for the allegedly wrongful acts that occurred during loan origination because MERS acted only as the lender's nominee. [Mem. in Supp. of Motion at 5-7.]

4

As to the antitrust claims, Defendants assert that both the federal and state claims are time-barred. Both are subject to four-year statutes of limitations. Plaintiffs' alleged injury arose from GMAC Corp.'s agreement to name MERS as the mortgagee and nominee. Although Plaintiffs do not specify which mortgage these claims relate to, Defendants argue that, no matter which mortgage allegedly gave rise to the antitrust claims, all possible antitrust claims are time-barred because any claim arose, at the latest, by April 2010, and Plaintiffs did not file this action until February 2011. Further, even if Plaintiffs' antitrust claims are not time-barred, Plaintiffs cannot establish the required elements of those claims. [Id. at 8-10.]

As to Count III, the fraud claim, Defendants contend that it is based on: Plaintiffs' allegation that GMAC Corp. represented to Plaintiffs that they would be able to refinance, even though GMAC Corp. knew that Plaintiffs would not be able to do so because the Property did not comply with environmental regulations; and Plaintiffs' allegation that GMAC Corp.'s failure to disclose that it intended to sell the First Mortgage improperly induced them into agreeing to the transaction. Defendants' primary argument is that neither theory states a viable claim because a fraud claim cannot be premised on future, promissory events. [Id. at 11-13.]

As to Count IV, the UDAP claim, Defendants first argue that it is time-barred because it is also based on consummation activities. [Id. at 16.]

Defendants contend that Count V, breach of fiduciary duty, fails as a matter of law under the general rule that a financial institution owes no fiduciary duties to a borrower where the institution did not exceed the traditional role as a lender.  A fiduciary duty only arises where there is a special relationship between the lender and the borrower, and none existed here.  [Id. at 17-18.]

Defendants argue that Count VI, unjust enrichment, fails because Plaintiffs cannot establish that GMAC Corp. received a benefit in the mortgage transactions that it should not retain.  Defendants emphasize that: Plaintiffs received the benefit of the $700,000 they acquired through the mortgages; Plaintiffs voluntarily and knowingly entered into the mortgage transactions; and there is no evidence of any wrongdoing by Defendants.  [Id. at 18-19.]

As to Count VII, slander of title, Defendants assert that this claim fails as a matter of law because Plaintiffs cannot establish any of the required elements for the claim.  The Assignment does not disparage the Property in any way.  [Id. at 19-20.]  Defendants also note that this claim is based on the assertion that the Assignment is invalid because the First Note

and the First Mortgage were separated, but courts have repeatedly rejected this argument.  [Id. at 21.]

As to Count VIII, injunctive relief, Defendants argue that the claim fails because there is no independent cause of action for injunctive relief.  Further, Plaintiffs have not established that they are entitled to injunctive relief.  [Id. at 21-22.]

Defendants therefore urge the Court to grant summary judgment in their favor as to all claims.

## III. **Plaintiffs' Opposition**

Plaintiffs' memorandum in opposition states that Plaintiffs "have stated causes of action for Unfair and Deceptive Acts or Practices and Slander of Title under Hawaii law, and for that reason summary judgment should be denied as to those causes of action."  [Mem. in Opp. at 1-2.]  They also "believe that their claims for unjust enrichment, quiet title, and injunctive relief are unlikely to prevail as written."  [Id. at 10 (citing Phillips v. Bank of America, 2011 WL 240813 at *11-12 (Jan. 21, 2011)).]  Plaintiffs therefore request leave to amend those claims.  [Id.]

The memorandum in opposition states that, in February 2008, Plaintiffs sought a loan modification with GMAC Corp., but their application was denied because the Property does not conform to Environmental Protection Agency regulations for large

7

capacity cesspools.  Plaintiffs emphasize that GMAC Corp. should have been aware of those regulations at the time it entered into the First Mortgage and the Second Mortgage.  [<u>Id.</u> at 2 (citing First Amended Complaint at ¶¶ 52-58).]  Plaintiffs also state that they tried to refinance with other lenders, but were unsuccessful because those lenders believed that foreclosure was imminent based on the Assignment.  [<u>Id.</u> at 2-3.]  The Court, however, notes that Plaintiffs' concise statement of facts ("Plaintiffs' CSOF") does not contain any affidavits or supporting documents addressing these allegations.

Plaintiffs emphasize that the Assignment references the wrong property address.  [<u>Id.</u> at 3.]  They assert that the Assignment is evidence that the foreclosure process is flawed and that they "have recently learned of new information related to the lack of authority conferred upon MERS 'certifying officers' that was not available to them at the time they filed the First Amended Complaint that indicates that the Assignment is invalid, and by extension false."  [<u>Id.</u> at 3-4.]  Plaintiffs therefore seek leave to file a second amended complaint.  [<u>Id.</u> at 4.]

As to the slander of title claim, Plaintiffs argue that the Assignment has been published because it was publicly filed with the Bureau of Conveyances.  Plaintiffs have also alleged that Defendants knew the representations in the Assignment were false, and this is all that is required to plead the state of

mind for slander of title.  Plaintiffs assert that whether
Defendants actually had that state of mind is a question of fact
which is not appropriate for summary judgment.  [Id. at 5-6.]
Plaintiffs emphasize that they do not allege that the Assignment
disparaged the Property; the Assignment disparaged Plaintiffs'
title to the Property.  Further, the Property is clearly
identified in the Assignment, which refers the First Mortgage
securing the Property.  Plaintiffs also allege that they have
sufficiently pled special damages in the First Amended Complaint
- the attorneys' fees and costs incurred in trying to repair
their title.  Plaintiffs assert that it is not possible for them
to be more specific at this point, and the allegations they have
raised are sufficient.  [Id. at 6-7.]  Plaintiffs also argue that
there is sufficient evidence of their special damages due to
their inability to sell or otherwise dispose of the Property
because the Assignment was so widely disseminated as to deprive
them of a market that would have existed without the false
statements in the Assignment.  [Id. at 7-8.]  Plaintiffs claim
that they have sufficiently pled all the required elements for
this claim, and that there are genuine issues of fact to be
decided.  Plaintiffs therefore urge the Court to deny the Motion
as to the slander of title claim.

     As to the UDAP claim, Plaintiffs allege that "MERS'
creation, and GMAC's recording of the false Assignment fits

9

within the scope of H.R.S. §481A-3." [Id. at 9.]  Plaintiffs

also claim that their newly discovered facts about MERS's

"certifying officers" will further support the slander of title

claim and the UDAP claim, and they ask the Court for leave to

amend.  [Id. at 8-9.]  Plaintiffs also state that they recently

learned that "their Mortgage and Note belong to a trust that has

not validly transferred its interest to GMAC or any other party."

[Id. at 10.]  Plaintiffs urge the Court to exercise its

discretion and deny the Motion and allow them to amend their

complaint because there has been no discovery in this case.  [Id.

at 10-11.]  At the very least, Plaintiffs argue that the Court

should allow them to proceed with their slander of title and UDAP

claims.  [Id. at 12.]

**IV.  Defendants' Reply**

        In their reply, Defendants emphasize that Plaintiffs

have the burden to respond to the Motion with admissible evidence

sufficient to defeat summary judgment, but Plaintiffs have not

done so and have not raised any genuine issues of material fact.

[Reply at 2.]  Defendants point out that Plaintiffs' CSOF does

not comply with Local Rule 56.1.  [Id. at 2-3.]

        Defendants reiterate that the Assignment is valid, but

they also argue that Plaintiffs are not parties to the

Assignment, so Plaintiffs lack standing to object to MERS's

ability assign rights to the First Mortgage.  Defendants also

argue that courts have consistently rejected the claim that MERS does not have the authority to assign a mortgage.  [Id. at 3-5.]

As to Plaintiffs' request to amend the unjust enrichment, quiet title, and injunctive relief claims, Defendants first point out that there is no quiet title claim in this case. Further, a request for leave to amend is not a proper way to avoid summary judgment.  Plaintiffs have therefore failed to meet their burden as to the unjust enrichment and injunctive relief claims.  [Id. at 7-8.]

Defendants point out that Plaintiffs' memorandum in opposition does not address Counts I, II, III, and V at all. Thus, Defendants are entitled to summary judgment on those claims.  [Id. at 8-9.]

As to the UDAP claim, Defendants reiterate that the Assignment is not false.  Further, even if Plaintiffs' claim that MERS lacked authority to assign the mortgage passed summary judgment, the UDAP claim fails because there is no deceptive act and no reliance.  [Id. at 8-9.]  Similarly, Defendants argue that the slander of title claim fails because the Assignment is not false, and even if there was a triable issue about MERS's authority to assign the First Mortgage, Plaintiffs cannot establish the elements of slander of title.  [Id. at 9-10.]

Defendants therefore urge the Court to grant summary judgment in their favor as to all claims.

11

## STANDARD

Pursuant to Federal Rule of Civil Procedure 56(a), a party is entitled to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

> Summary judgment must be granted against a party that fails to demonstrate facts to establish what will be an essential element at trial.  See Celotex [Corp. v. Catrett], 477 U.S. [317,] 323 [(1986)].  A moving party has both the initial burden of production and the ultimate burden of persuasion on a motion for summary judgment. Nissan Fire & Marine Ins. Co. v. Fritz Cos., 210 F.3d 1099, 1102 (9th Cir. 2000).  The burden initially falls on the moving party to identify for the court "those portions of the materials on file that it believes demonstrate the absence of any genuine issue of material fact."  T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp., 477 U.S. at 323).  "A fact is material if it could affect the outcome of the suit under the governing substantive law."  Miller [v. Glenn Miller Prods., Inc.], 454 F.3d [975,] 987 [(9th Cir. 2006)].
>
> When the moving party fails to carry its initial burden of production, "the nonmoving party has no obligation to produce anything."  In such a case, the nonmoving party may defeat the motion for summary judgment without producing anything. Nissan Fire, 210 F.3d at 1102-03.  On the other hand, when the moving party meets its initial burden on a summary judgment motion, the "burden then shifts to the nonmoving party to establish, beyond the pleadings, that there is a genuine issue for trial."  Miller, 454 F.3d at 987.  This means that the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986) (footnote omitted).  The nonmoving party may not rely on the mere allegations in the pleadings and instead "must set forth specific

facts showing that there is a genuine issue for
trial." <u>Porter v. Cal. Dep't of Corr.</u>, 419 F.3d
885, 891 (9th Cir. 2005) (quoting <u>Anderson v.
Liberty Lobby, Inc.</u>, 477 U.S. 242, 256 (1986)).
"A genuine dispute arises if the evidence is such
that a reasonable jury could return a verdict for
the nonmoving party." <u>California v. Campbell</u>, 319
F.3d 1161, 1166 (9th Cir. 2003); <u>Addisu v. Fred
Meyer, Inc.</u>, 198 F.3d 1130, 1134 (9th Cir. 2000)
("There must be enough doubt for a 'reasonable
trier of fact' to find for plaintiffs in order to
defeat the summary judgment motion.").

On a summary judgment motion, "the nonmoving
party's evidence is to be believed, and all
justifiable inferences are to be drawn in that
party's favor." <u>Miller</u>, 454 F.3d at 988
(quotations and brackets omitted).

<u>Rodriguez v. Gen. Dynamics Armament & Technical Prods., Inc.</u>, 696
F. Supp. 2d 1163, 1176 (D. Hawai`i 2010) (some citations
omitted).

## DISCUSSION

## I.   Claims Where Plaintiffs Failed to Oppose Summary Judgment

As set forth below, Defendants have met their burden of
establishing that there are no genuine issues of material fact as
to Counts I, II, III, and V.  Plaintiffs therefore had the burden
of establishing that there are genuine issues for trial.
Plaintiffs, however, failed to address these claims in their
memorandum in opposition.

### A.   Count I (Violations of Federal Antitrust Laws)

Count I alleges that Defendants' conduct violates the
Sherman Antitrust Act, 15 U.S.C. §§ 1, 2.  [First Amended
Complaint at ¶ 98.]  Plaintiffs allege that they are entitled to

bring their claim pursuant to the Clayton Antitrust Act, codified at 15 U.S.C. § 15.  [Id. at ¶ 100.]

>      This district court, however, has recognized that:
>
>      The federal antitrust claims must have been
>      brought within four years after accrual.  5 U.S.C.
>      § 15b; Pace Indus., Inc. v. Three Phoenix Co., 813
>      F.2d 234, 236 (9th Cir. 1987) (Sherman Act);
>      Conmar Corp v. Mitsui & Co. (U.S.A.), Inc., 858
>      F.2d 499, 501 (9th Cir. 1988) (Clayton Act).  "A
>      cause of action in antitrust accrues each time a
>      plaintiff is injured by an act of the defendant
>      and the statute of limitations runs from the
>      commission of the act."  Pace, 813 F.2d at 237
>      (citing Zenith Radio Corp. v. Hazeltine Research,
>      Inc., 401 U.S. 321, 338 (1971)).

Phillips v. Bank of Am., N.A., Civil No. 10-00551 JMS-KSC, 2011 WL 2160583, at *7-8 (D. Hawai`i June 1, 2011).

>      Count I essentially alleges that GMAC Corp. named MERS as the mortgagee and nominee in Plaintiffs' "transaction" to:
>
>      (a) protect and insulate [GMAC Corp.] from
>      otherwise valid claims and defense by mortgagors
>      and borrowers by providing an intermediary in the
>      transaction; (b) provide a conduit for the
>      securitization, and exclusive access to the
>      business of servicing securitized mortgage loans
>      . . . ; and (c) eliminate competition in the real
>      residential (sic) loan industry . . . .

[First Amended Complaint at ¶ 97.]

>      Insofar as Count I is based on the naming of MERS as the mortgagee and the lender's nominee in the "transaction" in question, the statute of limitations began to run from the execution of the mortgage.  While it is not clear which of Plaintiffs' three mortgages is the "transaction" in question,

Plaintiffs entered into all three mortgages more than four years before the filing of this action on February 24, 2011.  In Phillips, the district judge acknowledged that a continuing violation theory, or equitable tolling, can apply to a federal antitrust claim, but

> [a] continuing violation theory . . . requires at least one act within the limitations period, and none is alleged here.  Generally, "[e]quitable tolling may be applied if, despite all due diligence, a plaintiff is unable to obtain vital information bearing on the existence of his claim."  Santa Maria v. Pac. Bell, 202 F.3d 1170, 1178 (9th Cir. 2000); see also O'Donnell v. Vencor, Inc., 465 F.3d 1063, 1068 (9th Cir. 2006) ("Equitable tolling is generally applied in situations 'where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.'" (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990))).

2011 WL 2160583, at *7 (alteration in Phillips).

Defendants have presented evidence that Plaintiffs entered into the first loan and the LOC loan on December 9, 2005, and they entered into the second loan on March 15, 2006, and Plaintiffs did not bring this action until February 24, 2011. [Knapp Decl., Exh. 1; Knapman Decl., Exhs. 2-4.] Defendants therefore carried their summary judgment burden of establishing that Count I appears time-barred, shifting the burden to Plaintiff to establish that there is a genuine issue for trial because equitable tolling may apply.  Cf. Caniadido v.

MortgageIT, LLC, Civil No. 11-00078 JMS/BMK, 2011 WL 3837265, at *8 (D. Hawai`i Aug. 26, 2011).  Plaintiffs, however, have not presented any facts that would support a finding that there is a triable issue of fact regarding equitable tolling, in fact they did not respond to the Motion as to Count I at all.

The Court therefore CONCLUDES that Plaintiffs' Sherman Act/Clayton Act claim is time-barred and GRANTS Defendants' Motion as to Count I.

B.    **Count II (Violations of State Antitrust/Antimonopoly Laws)**

Count II alleges a violation of Haw. Rev. Stat. § 480-9 based on the same conduct alleged in Count I.  [First Amended Complaint at ¶ 105.]

Claims under § 480-9 are also subject to a four-year statute of limitations.  Haw. Rev. Stat. § 480-24(a).  None of the tolling provisions in § 480-24(b) apply in the instant case.  This district court has ruled "to construe HRS Ch. 480 in accordance with federal cases interpreting similar federal antitrust laws such as 15 U.S.C. § 15b, . . . the statute of limitations on a HRS Ch. 480 claim may be tolled under the equitable tolling doctrine of fraudulent concealment."  Rundgren v. Bank of New York Mellon, 777 F. Supp. 2d 1224, 1231 (D. Hawai`i 2011).  Plaintiffs, however, have not presented any evidence that would support a finding that fraudulent concealment, or any other applicable equitable tolling doctrine,

16

applies.

For the same reasons as set forth regarding Count I, this Court also CONCLUDES that Count II is time-barred and GRANTS Defendants' Motion as to Count II.

**C.   Count III (Intentional Misrepresentation)**

Count III alleges an intentional misrepresentation claim against GMAC Corp.  [First Amended Complaint at ¶¶ 108-23.]

Under Hawai`i law, the elements of a fraudulent or intentional misrepresentation claim are: "(1) false representations made by the defendant; (2) with knowledge of their falsity (or without knowledge of their truth or falsity); (3) in contemplation of plaintiff's reliance upon them; and (4) plaintiff's detrimental reliance." Miyashiro v. Roehrig, Roehrig, Wilson & Hara, 122 Hawai`i 461, 482-483, 228 P.3d 341, 362-63 (Ct. App. 2010) (citing Hawaii's Thousand Friends v. Anderson, 70 Haw. 276, 286, 768 P.2d 1293, 1301 (1989)).

Plaintiffs base this claim on GMAC Corp.'s alleged representation that Plaintiffs would be able to refinance the loans with GMAC Corp. after Plaintiffs built equity and a favorable payment history.  Plaintiffs allege that, when GMAC Corp. made this representation, it knew or should have known that the Property did not comply with environmental regulations. [First Amended Complaint at ¶¶ 110-12.]  The First Amended Complaint also alleges that, when GMAC Corp. made the loans to

17

Plaintiffs, it "failed to disclose to Plaintiffs that it would
arbitrarily rely upon the Subject Property's non-compliance with
the EPA LCCR as a basis for its refusal to honor its commitment
to refinance their loans." [Id. at ¶ 113.]   The First Amended
Complaint also alleges that GMAC Corp. knew or should have known
that no other lender would refinance Plaintiffs' loan without
costly renovations to address the non-compliance with
environmental regulations, but GMAC Corp. failed to disclose this
to Plaintiffs.  [Id. at ¶¶ 114-15.]   Plaintiffs further allege
that GMAC Corp. failed to disclose that it intended to sell
Plaintiffs' mortgage.  [Id. at ¶ 116.]

       Even viewing the fact in the light most favorable to
Plaintiffs, this claim fails because, under Hawai`i law, the
false representation forming the basis of a fraud claim "must
relate to a past or existing *material* fact and not the occurrence
of a future event."  Joy A. McElroy, M.D., Inc. v. Maryl Group,
Inc., 107 Hawai`i 423, 433, 114 P.3d 929, 939 (Ct. App. 2005)
(citations and block quote format omitted) (emphasis in
original).  Further, even if the allegations satisfy the other
elements of a fraud claim, "[f]raud cannot be predicated on
statements which are promissory in their nature, or constitute
expressions of intention, and *an actionable representation cannot*
*consist of mere broken promises, unfulfilled predictions or*
*expectations, or erroneous conjectures as to future events*[.]"

18

Id. (citations and block quote format omitted) (emphasis in
original).  The exception to this general rule is that "[a]
*promise relating to future action or conduct* will be actionable,
however, if the promise was made without the present intent to
fulfill the promise."  Id. (citations and block quote format
omitted) (emphasis in McElroy).

Plaintiffs' claim that GMAC Corp. promised that it
would refinance Plaintiffs' loans is merely an unfulfilled
promise regarding future actions.  Although Plaintiffs allege
that GMAC Corp. failed to disclose at the time of the loans that
it would deny refinancing based on the non-compliance with
environmental regulations, Plaintiffs do not allege that GMAC
Corp. knew at the time it allegedly promised it would refinance
Plaintiffs' loans that it would deny refinancing or that GMAC
Corp. otherwise lacked the present intent to fulfill the alleged
promise to refinance.  As to Plaintiffs' allegations that GMAC
Corp. failed to disclose that it knew other lenders would not
refinance Plaintiffs' loans and that GMAC Corp. would sell
Plaintiffs' loans, Plaintiffs do not allege that GMAC Corp. ever
represented that other lenders would refinance Plaintiffs' loans
or that GMAC Corp. would permanently retain Plaintiffs' loans.
Even if GMAC Corp. did predict refinancing by other lenders or a
long-term retention of the loans by GMAC Corp., erroneous future
predictions or expectations cannot support a fraud claim.

GMAC Corp. has carried its summary judgment burden by showing that it is entitled to judgment was a matter of law on Count III.  Plaintiffs did not respond to the Motion as to Count III and therefore failed to carry their burden of establishing that there is a triable issue as to Count III.  Under the circumstances of this case, this Court FINDS that summary judgment is appropriate and GRANTS Defendants' Motion as to Count III.

D.   **Count V (Breach of Fiduciary Duty)**

Count V alleges a breach of fiduciary duty claim against GMAC Corp. and MERS.  [First Amended Complaint at ¶¶ 137-45.]

This district court has recognized that:

Lenders generally owe no fiduciary duties to their borrowers.  See, e.g., Nymark v. Heart Fed. Sav. & Loan Ass'n, 283 Cal. Rptr. 53, 54 n.1 (Cal. App. 1991) ("The relationship between a lending institution and its borrower-client is not fiduciary in nature."); Miller v. U.S. Bank of Wash., 865 P.2d 536, 543 (Wash. App. 1994) ("The general rule . . . is that a lender is not a fiduciary of its borrower."); Huntington Mortg. Co. v. DeBrota, 703 N.E.2d 160, 167 (Ind. App. 1998) ("A lender does not owe a fiduciary duty to a borrower absent some special circumstances."); Spencer v. DHI Mortg. Co., 642 F. Supp. 2d 1153, 1161 (E.D. Cal. 2009) ("Absent 'special circumstances' a loan transaction 'is at arms-length and there is no fiduciary relationship between the borrower and lender.'") (quoting Oaks Mgmt. Corp. v. Super. Ct., 51 Cal. Rptr. 3d 561 (Cal. App. 2006)); Ellipso, Inc. v. Mann, 541 F. Supp. 2d 365, 373 (D.D.C. 2008) ("[T]he relationship between a debtor and a creditor is ordinarily a contractual relationship . . . and is

not fiduciary in nature.") (citation omitted).

McCarty v. GCP Mgmt., LLC, Civil No. 10-00133 JMS/KSC, 2010 WL 4812763, at *5 (D. Hawai`i Nov. 17, 2010).

GMAC Corp., as Plaintiffs' lender, and MERS, as the lender's nominee, generally did not owe any fiduciary duties to Plaintiffs.  Plaintiffs have not presented any evidence suggesting that there is a triable issue of fact on the issue whether Plaintiffs had a special relationship with GMAC Corp. or MERS that resulted in the creation of a fiduciary duty.  As with Counts I, II, and III, Defendants have carried their summary judgment burden, and Plaintiffs have failed to carry their burden because they did not respond to the Motion as to Count V. Defendants' Motion is therefore GRANTED as to Count V.

## II.  **Claims Addressed in Plaintiffs' Opposition**

### A.  **Count IV (UDAP)**

Count IV alleges a UDAP claim against GMAC Corp. [First Amended Complaint at ¶¶ 124-36.]  Plaintiffs allege that GMAC Corp.'s conduct in connection with the "subject loan" violated Haw. Rev. Stat. § 480-2(a), Haw. Rev. Stat. § 481A-3, and/or Haw. Rev. Stat. Chapter 454M.  [Id. at ¶¶ 129, 133.] Plaintiffs also allege that "the loan contract" is void pursuant to Haw. Rev. Stat. § 480-12, and therefore Plaintiffs are entitled to rescission.  [Id. at ¶ 134.]

All of the factual allegations that form the basis of Count IV concern conduct and non-disclosures in the consummation of Plaintiffs' loans.  [Id. at ¶¶ 129.a.-h.]

Plaintiffs' UDAP claim is also subject to a four-year statute of limitations.  Haw. Rev. Stat. § 480-24(a).  The limitations period began to run from the consummation of the loan at issue in Count IV.  Although it is not clear which of Plaintiffs' loans is the loan at issue in Count IV, the four-year limitations period expired as to each one before Plaintiffs filed this action.  None of the tolling provisions in § 480-24(b) apply.

For the same reasons as set forth regarding Counts I and II, Defendants have carried their summary judgment burden of establishing that Count IV appears time-barred.  Plaintiffs therefore had the burden of establishing that equitable tolling applied.  Plaintiffs have not presented any evidence that would support a finding that fraudulent concealment, or any other applicable equitable tolling doctrine apply to the alleged UDAPs that occurred in connection with the loan consummation.  Although Plaintiffs address Count IV in their memorandum in opposition, Plaintiffs do not address the alleged UDAPs pled in the First Amended Complaint.  Instead, Plaintiffs address "MERS' creation, and GMAC's recording of the false Assignment[,]" which Plaintiffs did not plead as alleged UDAP violations in Count IV.  Plaintiffs

22

therefore failed to carry their burden of establishing that there is a triable issue of fact as to the alleged UDAPs in Count IV.

This Court therefore CONCLUDES that Count IV is time-barred and GRANTS Defendants' Motion as to Count IV.

**B.   Count VI (Unjust Enrichment)**

Count VI alleges an unjust enrichment claim against GMAC Corp.  [First Amended Complaint at ¶¶ 146-50.]

This district court has recognized that:

> Claims for unjust enrichment and quantum meruit derive from principles of equity and quasi-contract.  See Porter v. Hu, 168 P.3d 994, 1007 (Haw. 2007); Hiraga v. Baldonado, 96 Hawai`i 365, 31 P.3d 222, 229 (Haw. 2001).  Hawai`i law has approved "the principle, long-invoked in the federal courts, that 'equity has always acted only when legal remedies were inadequate.'"  Porter, 169 P.3d at 1007 (quoting Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 509, 79 S. Ct. 948, 3 L. Ed. 2d 988 (1959)).  The absence of an adequate remedy at law, therefore, is the "necessary prerequisite" to maintaining equitable claims.  Id. (quoting Bd. of Dirs. of the Ass'n of Apt. Owners of Regency Tower Condo. Project v. Regency Tower Venture, 2 Haw. App. 506, 635 P.2d 244, 249 (Haw. Ct. App. 1981)).
>
> It is also well settled in federal courts that equitable remedies are not available when an express contract exists between the parties concerning the same subject matter.  See Klein v. Arkoma Prod. Co., 73 F.3d 779, 786 (8th Cir. 1996); Paracor Fin. v. Gen. Elec. Capital Corp., 96 F.3d 1151, 1167 (9th Cir. 1996); Gibbs-Brower Int'l v. Kirchheimer Bros. Co., 611 F. Supp. 122, 127 (N.D. Ill. 1985); Gerlinger v. Amazon.com, Inc., 311 F. Supp. 2d 838, 856 (N.D. Cal. 2004).  Hawai`i law has recently endorsed application of this principle as well.  See Porter, 169 P.3d at 1007.  The purpose of the rule is to guard against the use of equitable remedies to "distort a negotiated arrangement by broadening the scope of

the contract." <u>Gibbs-Brower Int'l</u>, 611 F. Supp. at 127.  Where the parties to a contract have bargained for a particular set of rights and obligations, all claims involving those express rights and obligations properly lie in contract law and not in equity.

<u>AAA Hawaii, LLC v. Hawaii Ins. Consultants, Ltd.</u>, CV. No. 08-00299 DAE-BMK, 2008 WL 4907976, at *3 (D. Hawai`i Nov. 12, 2008).

There is no dispute Plaintiffs entered into loan contracts with GMAC Corp., which included bargained for rights and obligations.  Plaintiffs allege that they had "an implied contract and warranty" with GMAC Corp.

to ensure that they understood all fees, rates, payments and charges which would be paid to [GMAC Corp.] or its successors in interest, to obtain credit on Plaintiffs' behalf, to not charge any fees which are not related to the settlement of the loan, and to disclose to Plaintiffs that the loan products together would provide a 30-year mortgage designed specifically with Plaintiffs (sic) known personal financial information required by [GMAC Corp.]

[First Amended Complaint at ¶ 147.]  All of the components of this alleged implied contract and warranty are governed by the written contracts between Plaintiffs and GMAC Corp.  As a matter of law, Plaintiffs therefore cannot recover on an unjust enrichment claim alleging the failure to fulfill these terms.

Defendants' Motion is therefore GRANTED as to Count VI.

C.    **Count VII (Slander of Title)**

Count VII alleges a slander of title claim against all

24

Defendants.   It alleges that the Assignment transferring the First Mortgage from MERS, as GMAC Corp.'s nominee, to GMACM is void and therefore GMACM's foreclosure is also void.  [First Amended Complaint at ¶¶ 151-58.]

Plaintiffs were not parties to the Assignment and they have not presented any evidence indicating that they were intended beneficiaries of the Assignment.  Plaintiffs therefore do not have standing to object to the Assignment.  <u>See</u> <u>Velasco v. Sec. Nat'l Mortg. Co.</u>, CV. No. 10-00239 DAE KSC, 2011 WL 4899935, at *4 (D. Hawai`i Oct. 14, 2011) (footnote omitted) (citing <u>Livonia Property Holdings, L.L.C. v. 12840-12976 Farmington Road Holdings, LLC</u>, 717 F. Supp. 2d 724, 737 (E.D. Mich. 2010) (holding that a plaintiff who was not and is not a party to any assignments or Pooling and Servicing Agreement at issue "lacks standing to challenge their validity or the parties' compliance with those contracts.")).  Insofar as Plaintiffs do not have standing to object to GMAC Corp.'s and MERS's authority to enter into the Assignment, Plaintiffs have not identified a triable issue of fact as to the slander of title claim against GMAC Corp. and MERS.  Plaintiffs therefore have not carried their burden in opposing summary judgment on Count VII against GMAC Corp. and MERS.

Although Plaintiffs do not have standing to object to the Assignment in and of itself, Plaintiffs may establish a

slander of title claim based on wrongful foreclosure if they can prove that GMACM's lien and the foreclosure action was false or otherwise improper.  See Johnson v. Ass'n of Apartment Owners of Ke Aina Kai Townhomes, CIVIL NO. 06-00106 HG-KSC, 2006 U.S. Dist. LEXIS 61106, at *27 (D. Haw. Aug. 25, 2006) (rejecting a slander of title claim based on wrongful foreclosure because it was undisputed that the defendant "had a statutory right to file a lien and foreclosure action.  Plaintiffs cannot show that the filing of the lien and foreclosure action was 'false' or improper because it was sanctioned by existing law.").  GMACM initiated foreclosure proceedings based on its interest in the Property by virtue of the Assignment.  The Assignment, however, is inconsistent in its identification of the subject property.  The first page identifies the subject property as 7012 Hawaii Kai Drive 1007, Makawao, HI 96768.  [Knapman Decl., Exh. 5 at 1.] The address of the Property, however, is 609 Loulu Way, Makawao, HI 96768.  The second page of the Assignment refers to "all beneficial interest under that certain mortgage dated December 09, 2005, executed by PHARAOH ORLANDO MARTIN, SINGLE, AND KAREN RENEE NORTON, SINGLE, AS JOINT TENANTS, WITH FULL RIGHTS OF SURVIVORSHIP, FOREVER, mortgagor, and recorded in Bureau of Conveyances in Regular System Document Instrument No. 2005-265228 on December 29, 2005 . . . ."  [Id. at 2.]  That citation is to the First Mortgage, which refers to the correct address of the

Property.   [Knapman Decl., Exh. 2 at 3.]   Although Count VII does not expressly state that it is based upon the use of an incorrect address in the Assignment, the First Amended Complaint does allege that "[t]he Assignment does not identify the tax map key number." [First Amended Complaint at ¶ 153.]   This is sufficient to place GMACM on notice of Plaintiffs' allegation that the foreclosure was invalid because GMACM did not have a valid interest in the Property due to a failure to adequately identify the Property in the Assignment.

Under the circumstances of this case, including the fact that Defendants have styled the instant Motion as a motion for summary judgment presumably to try to avoid having to respond to subsequent amended complaints and the fact that the parties have not conducted any discovery, the Court FINDS that summary judgment on this claim is not appropriate at this time.   GMACM has not carried its summary judgment burden of establishing that there is no genuine issue of material fact regarding the validity of its interest in the Property and the propriety of the foreclosure process.   To the extent that Plaintiffs' claim against GMACM in Count VII is based on any other theory, Plaintiffs have failed to establish a genuine issue of material fact for trial.

Defendants' Motion is GRANTED as to the claims in Count VII against GMAC Corp. and MERS.   As to GMACM, Defendants' Motion

27

is DENIED WITHOUT PREJUDICE as to the portion of Plaintiffs'
claim in Count VII based on the failure to adequately identify
the Property in the Assignment.  To the extent that Plaintiffs'
claim against GMACM in Count VII is based on any other theory,
Defendants' Motion is GRANTED.

D.  **Count VIII (Claim for Injunctive Relief)**

Count VIII alleges a claim for injunctive relief
against GMACM.  [First Amended Complaint at ¶¶ 159-64.]
Injunctive relief is a remedy, not an independent cause of
action.  See Caniadido v. MortgageIT, LLC, Civil No. 11-00078
JMS/BMK, 2011 WL 3837265, at *6 (D. Hawai`i Aug. 26, 2011) (some
citations omitted) (citing Jensen v. Quality Loan Serv. Corp.,
702 F. Supp. 2d 1183, 1201 (E.D. Cal. 2010) ("A request for
injunctive relief by itself does not state a cause of action.")).
GMACM is therefore entitled to judgment as a matter of law on
Count VIII.

The Court GRANTS Defendants' Motion as to Count VIII,
but the Court emphasizes that the remedy of injunctive relief may
ultimately be available to Plaintiffs if they are able to
successfully amend and prevail upon a substantive claim that
warrants the remedy of injunctive relief.

**CONCLUSION**

On the basis of the foregoing, Defendants' Motion for
Summary Judgment, filed August 15, 2011, is HEREBY GRANTED IN

28

PART AND DENIED IN PART.  Specifically, Defendants' Motion is
DENIED WITHOUT PREJUDICE as to the portion of Plaintiffs' slander
of title claim in Count VII against GMACM which is based on the
alleged failure to adequately identify the Property in the
Assignment.  The Court GRANTS Defendants' Motion as to:

- Counts I, II, III, IV, V, VI, and VIII;
- the portion of Count VII alleging a slander of title claim
  against GMAC Corp. and MERS; and
- the portion of Count VII alleging a claim against GMACM based on
  any theory other than the failure to adequately identify the
  Property in the Assignment.

Insofar as this Court has granted summary judgment to GMAC Corp.
and MERS as to all claims against them, this Court DIRECTS the
Clerk's Office to terminate GMAC Corp. and MERS as parties in
this action.

                    IT IS SO ORDERED.

                    DATED AT HONOLULU, HAWAII, November 30, 2011.



/S/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

PHARAOH ORLANDO MARTIN, ET AL. V. GMAC MORTGAGE CORPORATION. ET AL; CIVIL NO. 11-00118 LEK-BMK; ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR SUMMARY JUDGMENT