IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| PHAROAH ORLANDO MARTIN and KAREN RENEE NORTON, | ) ) ) | CIVIL NO. 11-00118 LEK-BMK |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| GMAC MORTGAGE CORPORATION; GMAC MORTGAGE LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; and DOES 1 through 20 inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

## ORDER GRANTING GMAC MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT

Before the Court is Defendant GMAC Mortgage LLC's ("GMACM") Motion for Summary Judgment ("Motion"), filed on February 27, 2012. Plaintiffs Pharaoh Orlando Martin and Karen Renee Norton (collectively "Plaintiffs") filed their opposition to the Motion on May 8, 2012, and GMACM filed its reply on May 15, 2012. The Court finds this matter suitable for disposition without a hearing pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawai`i ("Local Rules"). After careful consideration of the Motion, supporting and opposing memoranda, and the relevant legal authority, GMACM's Motion is HEREBY GRANTED for the reasons set forth below.

## BACKGROUND

Plaintiffs filed the instant action against GMACM and Defendants GMAC Mortgage Corporation ("GMAC Corp.") and Mortgage Electronic Registration Systems ("MERS") (all collectively "Defendants").  The relevant factual background is set forth in this Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, filed November 30, 2011 ("November 2011 Order").[1]

In the November 2011 Order, this Court ultimately granted summary judgment in Defendants' favor as to all claims except "the portion of Plaintiffs' slander of title claim in Count VII against GMACM which is based on the alleged failure to adequately identify the Property in the Assignment."  2011 WL 6002617 at *13.  This Court denied summary judgment without prejudice as to that portion of Count VII.  Insofar as this Court granted summary judgment to GMAC Corp. and MERS as to all claims against them, this Court ordered the Clerk's Office to terminate them as parties.  Id.

In the instant Motion, GMACM seeks summary judgment on the remaining claim in this case - the portion of Plaintiffs' slander of title claim alleging that the foreclosure on the subject property, 609 Loulu Way, Makawao, HI 96768 ("the Property"), was invalid because GMACM did not have a valid

---

[1] The November 2011 Order is available at 2011 WL 6002617.

interest in the Property due to the alleged failure to adequately identify the Property in the January 13, 2011 assignment by MERS to GMACM ("the Assignment").[2]

## DISCUSSION

In the November 2011 Order, this Court concluded that Plaintiffs do not have standing to object to the Assignment because they were not parties to the Assignment and they did not present any evidence that they were intended beneficiaries of the Assignment. Id. at *12. The Court denied summary judgment as to Count VII because "Plaintiffs may establish a slander of title claim based on wrongful foreclosure if they can prove that GMACM's lien and the foreclosure action was false or otherwise improper." Id. (citing Johnson v. Ass'n of Apartment Owners of Ke Aina Kai Townhomes, CIVIL NO. 06-00106 HG-KSC, 2006 U.S. Dist. LEXIS 61106, at *27 (D. Haw. Aug. 25, 2006) (rejecting a slander of title claim based on wrongful foreclosure because it was undisputed that the defendant "had a statutory right to file a lien and foreclosure action. Plaintiffs cannot show that the filing of the lien and foreclosure action was 'false' or improper because it was sanctioned by existing law.")).

------

[2] All subsequent references to Count VII refer to the portion of Plaintiffs' slander of title claim against GMACM that remains at issue after the November 2011 Order.

3

It is undisputed that the first page of the Assignment[3] incorrectly identifies the subject property as 7012 Hawaii Kai Drive 1007, Makawao, HI 96768. [GMACM CSOF, Decl. of Laura Moritz ("Mortiz Decl."), Exh. 5 at 1.[4]]  The second page of the Assignment identifies Plaintiffs' mortgage on the Property as

> that certain mortgage dated December 09, 2005, executed by PHARAOH ORLANDO MARTIN, SINGLE, AND KAREN RENEE NORTON, SINGLE, AS JOINT TENANTS, WITH FULL RIGHTS OF SURVIVORSHIP, FOREVER, mortgagor, and recorded in Bureau of Conveyances in Regular System Document Instrument No. 2005-265228 on December 29, 2005 . . . describing land therein as
>
> COMPLETELY DESCRIBED IN SAID MORTGAGE.

[Id. at 2.]

Plaintiffs allege that the Assignment "does not identify a mortgage that was executed by Plaintiffs." [Opposition, Pltfs.' Separate Concise Statement of Disputed Facts in Supp. of Opposition at 2.]  Plaintiffs, however, only cite

---

[3] GMACM contends that the first page is merely a cover page which GMACM's trustee created for recording purposes and which is not a part of the Assignment itself. [GMACM's Separate & Concise Statement of Facts in Supp. of Motion, filed 2/27/12 (dkt. no. 42) ("GMACM CSOF"), Decl. of Michael Bennett ("Bennett Decl.") at ¶ 10.]  Whether the first page is or is not part the Assignment appears to be a mixed issue of law and fact.  Insofar as this Court must draw all justifiable inferences in favor of Plaintiffs, the non-moving party, see Miller v. Glenn Miller Prods., Inc., 454 F.3d 975, 988 (9th Cir. 2006), and because the determination of this issue is not essential to the outcome of the Motion, this Court declines to rule on this issue at the present time.

[4] Plaintiffs' Exhibit A to the Opposition is identical to GMACM's Exhibit 5.

4

their copy of the Assignment as support for this proposition.
GMACM submitted a copy of a Mortgage recorded in the Bureau of
Conveyances on December 29, 2005 as Document Number 2005-265228
("the First Mortgage").  The First Mortgage identifies Plaintiffs
as the borrower, GMAC Corp. as the lender, and MERS as the
mortgagee and the lender's nominee.  [Mortiz Decl., Exh. 2 at 1.]
The First Mortgage bears the signature of both Pharaoh Orlando
Martin and Karen Renee Norton.  [Id. at 17.]  Plaintiffs have not
presented any evidence which indicates that there is a genuine
issue of fact as to whether they executed the First Mortgage.
See Fed. R. Civ. P. 56(a) (stating that a party is entitled to
summary judgment "if the movant shows that there is no genuine
dispute as to any material fact and the movant is entitled to
judgment as a matter of law").  The Court therefore finds that
Plaintiffs executed the First Mortgage.

        The First Mortgage identifies the correct address of
the Property.  [Mortiz Decl., Exh. 2 at 3.]  Thus, Count VII
essentially boils down to a typographical error on the first
page, or "cover page", of the Assignment.  Assignments are
subject to the standards applicable to the interpretation of
contracts.  See, e.g., City & Cnty. of Honolulu v. Churchill, 167
F. Supp. 2d 1143, 1153 (D. Hawai`i 2000).  Under the principles
of general contract interpretation, "[a] contract is ambiguous
when the terms of the contract are reasonably susceptible to more

than one meaning." <u>Airgo, Inc. v. Horizon Cargo Transp. Inc.</u>, 66 Haw. 590, 594, 670 P.2d 1277, 1280 (1983).  The typographical error on the first page does not render the Assignment reasonably susceptible to more than one meaning because the Assignment accurately identifies Plaintiffs' First Mortgage, which correctly identifies the Property.  The Court therefore finds that Plaintiffs failed to identify a genuine issue of fact regarding the validity of the Assignment.

Further, GMACM presented evidence that: Plaintiffs defaulted on their promissory note and the First Mortgage; on January 25, 2011, GMACM notified Pharaoh Orlando Martin of its intent to foreclose; and GMACM recorded the Notice of Mortgagee's Intention to Foreclose under Power of Sale with the Bureau of Conveyances on February 9, 2011 as document number 2011-023784. [Bennett Decl. at ¶ 6, Exh. 6.]  Plaintiffs have not presented any evidence that contradicts GMACM's submissions.  The Court therefore FINDS that Plaintiffs failed to identify a genuine issue of fact regarding the validity of GMACM's lien on the Property and GMACM's entitlement to foreclose.  The Court CONCLUDES that Plaintiffs have failed to establish a prima facie case as to Count VII, and thus GMACM is entitled to judgment as a matter of law.

<u>**CONCLUSION**</u>

On the basis of the foregoing, GMAC Mortgage LLC's Motion for Summary Judgment, filed February 27, 2012, is HEREBY GRANTED.  The Court directs the Clerk's Office to issue judgment in favor of Defendants pursuant to this Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, filed November 30, 2011, [dkt. no. 22,] and the instant order.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, June 29, 2012.



  /s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

<u>PHARAOH ORLANDO MARTIN, ET AL. V. GMAC MORTGAGE CORPORATION, ET AL.</u>; CIVIL NO. 11-00118 LEK-BMK; ORDER GRANTING GMAC MORTGAGE LLC'S MOTION FOR SUMMARY JUDGMENT